IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**ESTHER MAE MITCHELL,**

    Petitioner,

vs.                                       5:05cv168-MCR/WCS

**UNITED STATES OF AMERICA,**

    Respondent.
_____/

## REPORT AND RECOMMENDATION ON § 2241 PETITION

Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Doc. 1. After some delay (*see* docs. 2-5), the $5.00 filing fee has been paid.

As set forth ahead, Petitioner is in custody and "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack," and any remedy must therefore be sought pursuant to a 28 U.S.C. § 2255 motion in the sentencing court. § 2255. *See also* Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir.), *cert. denied,* 540 U.S. 900 (2003) (collateral attack on the validity of a federal sentence is typically brought by § 2255 motion) (citation omitted).

Under the "savings clause" of § 2255, a petition for writ of habeas corpus filed by a prisoner authorized to seek relief under § 2255 will not be considered, "unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."  § 2255; Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999).  This "savings clause" language of § 2255 does not allow a petitioner "to use § 2241 to escape the restrictions on second or successive § 2255 motions."  177 F.3d at 1245. Rather,

> The savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent defense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

177 F.3d at 1244 (footnote omitted); *see also* Sawyer, 326 F.3d at 1365 (applying Wofford).  The court considers a claim of "actual innocence" only after the savings clause applies and "open[s] the portal to a § 2241 proceeding."  Wofford, 177 F.3d at 1244, n. 3 (citation omitted).

Petitioner challenges her conviction out of the Southern District of Alabama.  Doc. 1, p. 2.  The conviction was affirmed in 1999, and a § 2255 motion filed in 2005 was dismissed as time barred.  *Id.*, pp. 2-3.  Petitioner asserts that although she "does not meet the strict requirements to file a second or successive § 2255, hers is a claim of actual innocence and [to] foreclose her of a remedy would be a complete miscarriage of justice."  Doc. 1, attached memorandum, p. 13.  She asserts that the verdict was not supported by sufficient evidence, but rests entirely on "tainted" testimony by witnesses who cooperated with the Government hoping for reduced sentences.  *Id.*, pp. 13-21.

Petitioner's current claims do not even arguably satisfy any part of the <u>Wofford</u> test.  The court should not review the actual innocence claim, as Petitioner cannot "open the portal" to a § 2241 proceeding under the savings clause.

It is therefore respectfully **RECOMMENDED** that the § 2241 petition be **SUMMARILY DISMISSED**.

**IN CHAMBERS** at Tallahassee, Florida, on October 28, 2005.


 S/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**